# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLYNNIS JACKSON,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PRIME MOTORS, INC., et al.,** | : | **No. 11-2360** |
| **Defendants.** | : | |

## MEMORANDUM

**Schiller, J.**                                                                                           **May 17, 2010**

Plaintiff Glynnis Jackson sued Defendants in state court after she bought a used car. Credit Acceptance Corporation ("CAC") removed the case based on Jackson's references to federal statutes in her state-court pleading and in her Amended Complaint. Jackson's motion to remand is presently before the Court. For the following reasons, the Court will grant this motion.

## I.       BACKGROUND

Jackson purchased a 2001 Hyundai Sonata on February 20, 2010. (Notice of Removal Ex. A [Compl.] ¶¶ 7-10.) A Retail Installment Sales Contract ("RISC") memorialized the transaction. (*Id*. ¶ 10.) The RISC named CAC as an assignee. (*See id*. ¶ 41.) Both Jackson and CAC are Pennsylvania citizens. (*Id*. ¶¶ 1-2.)

The Hyundai suffered from structural and mechanical problems which forced Jackson to leave it with a mechanic for extensive repairs. (*Id*. ¶¶ 11-26.) At the mechanic's prompting, Jackson arranged for an expert to inspect the car. (*Id*. ¶ 27.) The expert discovered that CAC had repossessed the vehicle. (*Id*.)

CAC denied that it had repossessed the Hyundai and refused to investigate Jackson's

complaints or cancel her financing contract.  (*Id*. ¶ 31.)  Instead, CAC charged Jackson interest on

the loan she obtained despite the Hyundai's condition and CAC's alleged failure to abide by other

terms of the RISC.  (*Id*. ¶¶ 51-53.)  The company called Jackson numerous times and threatened her

with legal action if she did not pay CAC additional sums of money.  (*Id*. ¶¶ 38-39.)

On March 4, 2011, Jackson brought a state-court action against CAC, the dealership that sold

her the Hyundai, and various other Defendants.  Her Complaint included ten counts describing state-

law causes of action including claims under the Pennsylvania Unfair Trade Practices and Consumer

Protection Law ("UTPCPL").  Count X, although styled as a UTPCPL claim, also referenced alleged

violations of the Truth in Lending Act ("TILA").  Specifically, this portion of the Complaint cites

15 U.S.C. § 1601, related federal statutes, and TILA's implementing regulation.  (*Id*. ¶¶ 213-17.)

CAC filed a notice of removal on April 4, 2011, arguing that Jackson had triggered federal

jurisdiction by alleging TILA violations.  (Notice of Removal ¶¶ 21-25.)  Jackson filed an Amended

Complaint on April 8, 2011.  The Amended Complaint restates Jackson's claims, including Count

X, but omits the original pleading's references to TILA.  (See Am. Compl. ¶¶ 199-213.)  However,

the Amended Complaint adds two references to the Fair Debt Collection Practices Act ("FDCPA")

not present in the Complaint:  (1) a request for a declaratory judgment that Defendants' conduct

violated the FDCPA; and (2) statutory damages under 15 U.S.C. § 1692k.  (*Id*. at 30.)  Jackson then

filed a motion to remand on April 21, 2011.  Meanwhile, CAC has moved to compel arbitration.


## II.    STANDARD OF REVIEW

District courts have jurisdiction over civil actions arising under the laws of the United States.

28 U.S.C. § 1331.  A state-court defendant may remove a case if the plaintiff could have originally

brought the action in federal court. 28 U.S.C. § 1441(a). When the basis of removal is federal question jurisdiction under § 1331, the propriety of removal rests on whether the plaintiff's complaint presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The removing defendant bears the burden of establishing jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). District courts construe the removal statutes strictly, resolving all doubts in favor of remand. *Id.*

## III. DISCUSSION

CAC argues this case presents a federal question because Jackson alleged TILA violations in her Complaint and requested relief under the FDCPA in her Amended Complaint. (*See* Notice of Removal 2.) Neither argument is successful.

Courts generally determine whether they may exercise removal jurisdiction by examining the pleadings on the state court docket at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 278-79 (E.D. Pa. 2003). If a plaintiff's state-court complaint includes a claim arising under federal law, a federal court will have jurisdiction over the case after removal even if the plaintiff amends its pleading in federal court to assert only state-law claims. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)). Additionally, a district court can acquire subject matter jurisdiction over an improperly-removed case if the plaintiff amends its complaint to state a federal claim after removal. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 297-98 (3d Cir. 2005) (citing *Pegram v. Herdrich*, 530 U.S. 211, 215 n.2 (2000)) (additional citations omitted). CAC identifies potential federal claims in both Jackson's Complaint and Amended

Complaint. The Court will therefore examine both pleadings.

## A. There is No Federal Claim in Jackson's State Court Complaint

A case presents a federal question if a plaintiff pleads a federal cause of action on the face of her well-pleaded complaint. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995). If a federal question does not appear on the face of the complaint, a defendant may also establish jurisdiction under the artful pleading doctrine if either: (1) a substantial question of federal law is embedded in a state-law claim; or (2) a state-law claim is completely preempted by federal law. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Mark v. Ventracor, Ltd.*, Civ. A. No. 10-2142, 2011 WL 890795, at *7-8 (E.D. Pa. Mar. 9, 2011).

### 1. CAC's well-pleaded complaint theory

CAC asserts that this Court has jurisdiction over the TILA claims in Jackson's state-court pleading. In Count X of the Complaint, Jackson alleges that CAC and other defendants violated TILA by misrepresenting credit terms in the RISC and that they failed to comply with statutory disclosure requirements under 15 U.S.C. §§ 1631, 1632, 1638, and 12 C.F.R. §§ 226.17 and 226.18. (Compl. ¶¶ 213-17.) CAC contends that these allegations constitute a removable TILA claim. (Def.'s Opp'n to Pl.'s Mot. to Remand [CAC Opp'n] 6.)

This is not the case. The mere mention of a federal statute does not trigger federal question jurisdiction unless the removing defendant can show that every theory supporting the plaintiff's claim requires resolution of a federal issue. *Masey v. Gibson*, Civ. A. No. 08-2078, 2008 WL 2704977, at *2 (D.S.C. July 9, 2008) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). Indeed, this Court has held that a plaintiff may assert underlying TILA violations as a component of a UTPCPL claim and successfully avoid federal jurisdiction. *Byrd v. Frost*, Civ. A.

No. 08-4949, 2008 WL 5412088, at *2-3 (E.D. Pa. Dec. 29, 2008).

The TILA allegations CAC identifies serve as the basis of a UTPCPL claim, not an independent federal cause of action. In the same Count, Jackson also alleges that CAC and other Defendants violated the UTPCPL by misrepresenting financing terms in violation of various provisions of the Pennsylvania Automotive Industry Trade Practices and Pennsylvania Motor Vehicle Sales Finance Act. (Compl. ¶¶ 202-12.) Furthermore, Jackson stated that the TILA violations she described constituted violations of the UTPCPL. (*Id.* ¶ 218.)

CAC attempts to distinguish *Byrd* with the observation that the *Byrd* plaintiff "made substantial allegations that the defendant . . . harassed him and made various misrepresentations outside of the RISC and TILA disclosures, including subsequent verbal communication . . . that more money was due." (CAC Opp'n 13.) Jackson makes identical allegations in this case, claiming CAC called her repeatedly, harassed her, threatened her with legal action, and "tried to intimidate [her] into paying it an additional $2,000.00" well after she purchased the Hyundai. (Compl. ¶¶ 38-39.) Plaintiff's TILA allegations constitute one component of her UTPCPL claim. *See Byrd*, 2008 WL 5412088, at *3. Removal jurisdiction therefore does not exist with respect to the Complaint under the well-pleaded complaint rule.

### 2. *CAC's artful pleading theory*

CAC also asserts that removal is proper under the "artful pleading doctrine," arguing that Jackson's case turns on a substantial federal issue that is an essential element of her claims. (CAC Opp'n 7.) Specifically, CAC argues that because the case arises from a financing agreement, the "purpose and spirit of TILA is apparent at the heart of every claim." (*Id.* at 7-8.)

To establish that jurisdiction exists under the artful pleading doctrine, a removing defendant

may establish jurisdiction if a substantial federal question is embedded in a plaintiff's state-law claims. *See, e.g., Mack v. Ventracor, Ltd.*, Civ. A. No. 10-2142, 2011 WL 890795, at *7-8 (E.D. Pa. Mar. 9, 2011) (citing *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004)); *see also United Jersey Banks v. Parell*, 783 F.2d 360, 366-67 (3d Cir. 1986). Generally, defendants cannot invoke the artful pleading doctrine to remove state-law claims when the plaintiff states a prima facie claim under state law. *Id*. at 368 (citation omitted). The fact that a defendant's conduct may trigger liability under both federal and state law does not obligate the plaintiff to pursue federal claims. *See, e.g., Byrd*, 2008 WL 5412088, at *4 n.3.

The TILA violations Jackson described in her Complaint do not present substantial disputed issues of federal law. Removal is only permitted by virtue of a substantial federal question in a state-law claim if federal law is "in the forefront of the case and [is] not collateral, peripheral, or remote." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). As the Court observed in addressing CAC's well-pleaded complaint theory, the TILA violations Jackson alleges in her Complaint are not independent of her claims under the UTPCPL. The peripheral role federal law plays in this case is insufficient to support removal jurisdiction. See *Byrd*, 2008 WL 5412088, at *4.

### B.     Federal Claims in Jackson's Amended Complaint

Jackson's Motion to Remand asserts that the Amended Complaint "removed any and all claims based on and reference to any and all federal statutes," and states that Jackson does not now seek recovery under any federal statute  (Mot. to Remand ¶¶ 4-5.) Jackson's Amended Complaint, however, states that she seeks relief under the FDCPA. Two references to the statute appear in the pleading's prayer for relief, which requests both a declaratory judgment that CAC's conduct violated

the FDCPA and "[s]tatutory damages pursuant to 15 U.S.C. § 1692k." (Am. Compl. 30.)

Jackson's decision to pursue a claim under the FDCPA could vest the Court with jurisdiction, despite the fact that the Court lacked jurisdiction over her original pleading. *See Cmty. Bank of N. Va.*, 418 F.3d at 297-98; *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 314-16 (S.D.N.Y. 2007) (collecting cases). However, the conflict between Jackson's apparent desire to return to state court, her insistence that the Amended Complaint mentions no federal law, and the text of her Amended Complaint — filed before her motion to remand — invites further scrutiny.

Erroneous jurisdictional allegations need not permit removal. The Southern District of New York, for example, declined to take a complaint's reference to a federal statute at face value where the context and representations of counsel indicated that the apparent federal claim was a typographical error. *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 492-93 (S.D.N.Y. 2009); *see also Monal Constr. Co. v. Brookside Ltd. P'ship*, 88 F. Supp. 478, 480 (W.D. Pa. 1982) (analyzing propriety of removal under proper statutory section despite typographical error).

This District faced a similar issue on a motion to remand in a diversity case where the plaintiff overstated the amount in controversy. *See Di Filippo v. Southland Corp.*, Civ. A. No. 94-2650, 1994 WL 273310, at *1-2 (E.D. Pa. June 21, 1994). In that case, a pleading omitted the word "not" before the phrase "in excess" in its prayer for relief, erroneously stating that the plaintiff sought damages above the jurisdictional amount. *Id.* at *1. The court remanded the action for lack of jurisdiction based on the plaintiff's representation that he did not intend to seek such damages. *Id.*

The Court concludes that the references to the FDCPA in the Amended Complaint's ad damnum clause are just such typographical errors. Jackson removed all other references to federal

statutes in drafting her Amended Complaint, which she filed in response to a notice of removal; the apparent FDCPA claim did not appear in her Complaint and is not referenced in or linked to any of the claims in her Amended Complaint. The acronym "FDCPA" is also not defined in the pleading, suggesting that a boilerplate "wherefore" clause was pasted into the Amended Complaint in error. Jackson's representations that she intended to forego any potential federal claim in filing her Amended Complaint offer further support for the conclusion that she is not seeking relief under the FDCPA. It would defy common sense to exercise federal jurisdiction because Jackson's counsel accidentally referenced a federal statute.

IV.     **CONCLUSION**

Jackson's Complaint does not attempt to state any claim arising under federal law. Though her Amended Complaint purports to seek relief under the FDCPA, the Court declines to exercise jurisdiction over a state-law action solely on the basis of an obvious typographical error. The Court will therefore remand this case. As remand moots CAC's request to compel arbitration, the Court will also deny this motion. An Order consistent with this Memorandum will be docketed separately.